UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bobbi Ellis, | ) | CASE NO. 1:17 CV 683 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Robert Taylor Companies, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion to Dismiss (Doc. 9). This case arises out of the termination of plaintiff's employment with defendants. For the following reasons, the motion is DENIED.

**Facts**

Plaintiff Bobbi Ellis filed this Complaint against defendants Robert Taylor Companies (RTC), Robert Taylor, and Elizabeth Taylor-Newsome. The Complaint alleges the following. Taylor is the owner of RTC and plaintiff's supervisor. Taylor-Newsome is an employee of RTC and also supervises plaintiff. Plaintiff was hired by RTC in March 2011. In January 2016, plaintiff was told by Taylor and Taylor-Newsome that she needed to flirt with and "appear

1

available" to customers in order to sell more product. Plaintiff was also told that she needed to "charm" customers. She was told throughout her employment to compliment her customers' eyes. Male employees were not told the same. Plaintiff reported to Taylor-Newsome that she was uncomfortable with these requests and she continued to complain about being asked to do so. RTC did not address plaintiff's complaints. Plaintiff was terminated in August 2016. Plaintiff was also not paid overtime for hours worked over 40 per week.

The Complaint sets forth three claims. Count One alleges a failure to pay overtime compensation in violation of the Fair Labor Standards Act and the Ohio Revised Code. Count Two alleges gender discrimination in violation of Ohio law. Count Three alleges retaliation in violation of Ohio law.

This matter is now before the Court upon defendants' Motion to Dismiss .

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

> statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### Discussion

### (1) FLSA

Defendants argue that the Complaint fails to plead sufficient facts to establish a violation of the FLSA in that it fails to state with particularity a claim for failure to pay overtime compensation. The Complaint alleges that plaintiff worked over 40 hours per week, but was not paid overtime wages even though plaintiff is a non-exempt employee under the FLSA.

Defendants maintain that plaintiff fails to plead her job title or duties, her regular rate of pay, an estimate of how many overtime hours she worked, an estimate of how much overtime compensation to which she is entitled, a single week in which she claims to have worked more than 40 hours, or a single week in which she claims she was not paid overtime. Defendants cite to case law outside this Circuit holding that dismissal is proper in the absence of sufficient factual allegations. For the following reasons, the Court disagrees that the FLSA count fails to

state a claim.

Courts in this Circuit have recognized, "In order to state a claim under the FLSA for unpaid overtime, plaintiff must allege 1) defendant employed him, 2) defendant is an enterprise engaged in interstate commerce covered by the FLSA, and 3) the plaintiff actually worked in excess of a 40 hour work week." *Miller v. AT&T*, 2013 WL 5566698 (N.D.Ohio October 9, 2013). In *Miller,* plaintiff sufficiently stated a claim where he had alleged that he was employed by defendants, the FLSA applied to defendants, and he regularly worked more than 40 hours a week without compensation. *See also Hellenberg v. Integrated Deicing Services, LLC*, 2011 WL 317733 (E.D.Mich. Feb. 1, 2013) ("Contrary to defendants' assertion, federal courts in the aftermath of *Twombly* and *Iqbal* have held that extensive pleading is not required in the context of an FLSA claim.") Here, plaintiff alleges that she was employed by RTC, defendant is an enterprise within the meaning of the FLSA, and plaintiff worked in excess of 40 hours per week at RTC. In fact, plaintiff further alleges that she "was forced to punch out for half an hour during lunch hours, but required to work over her break. [Plaintiff] was only paid by defendants for 40 hours and was not paid overtime for her mandated work over her lunch breaks." (Compl. ¶¶30,31)

Count One sufficiently states a claim.

**(2) gender discrimination**

Defendants argue that the gender discrimination claim only recites the elements of a cause of action and does not allege any facts showing gender based conduct against plaintiff, that a comparable non-protected co-worker was treated better than plaintiff, or any gender component in her termination which occurred more than eight months after she complained to

4

defendants. Additionally, defendants assert that while the statements to plaintiff to "appear available," "charm," and "flirt" seem to be the basis of her claim, they do not rise to the level of a claim for gender discrimination. For the following reasons, the Court finds that plaintiff states a claim.

As for pleading, other courts have recognized that "for Title VII claims, the plaintiff is not required to establish a prima facie case to withstand a motion to dismiss for failure to state a claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-14 (2002).  The Sixth Circuit has continued to apply *Swierkiewicz'*s holding even after the Supreme Court's decisions in *Twombly* and *Iqbal. See Keys v. Humana, Inc*., 684 F.3d 605, 609 (6th Cir. 2012)." *Clemons v. City of Memphis*, 2016 WL 7471412 (W.D.Tenn. Dec. 28, 2016). "Consequently, so long as a plaintiff's complaint provides a defendant with fair notice of the basis of his claims, and an adequate factual basis for those claims, a plaintiff's claim of employment discrimination will survive a motion to dismiss." *Id.* (citing *Swierkiewicz,* other citations and internal quotations omitted).

The Complaint alleges the following. Plaintiff was asked to flirt, charm, and appear available to customers while male employees were not asked to do so. Plaintiff complained about this until she was terminated.  She was told she was terminated for not being a "team player," but was actually terminated because of her gender.  These allegations are sufficient to give defendant fair notice of the claim.

Furthermore, defendants appear to argue that the statements to flirt, charm, and appear available do not rise to the level of actionable harassment.  (Doc. 12 at 4-6) However, plaintiff's claim is for discriminatory treatment based on her termination and not for sexual harassment.

5

Count Two sufficiently states a claim.

**(3) Retaliation**

Defendants assert that the retaliation claim fails to state a claim because plaintiff cannot allege a causal connection given that there was no temporal proximity between her complaints and her termination.  Defendants point out that the Complaint alleges that the statements made to plaintiff that she needed to flirt, charm, and appear available were made during a January 5, 2016 team meeting.  She complained at that time that the statements made her uncomfortable.  She was terminated in August 2016.  Therefore, eight months lapsed between her complaints and her termination. The Complaint alleges, however, that plaintiff complained in January 2016 "and until the end of her employment with [RTC] continued to complain..." (Compl. ¶¶ 43-45) Consequently, construing the Complaint in the light most favorable to the plaintiff, dismissal of the retaliation claim would be inappropriate.

Count Three sufficiently states a claim.

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss is denied.

   IT IS SO ORDERED.


                                         /s/ Patricia A. Gaughan  
                                        PATRICIA A. GAUGHAN  
                                        United States District Court  
                                        Chief Judge

 Dated: 8/22/17